UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                    :
QUIRKY INCORPORATED,                                :   No. 14-cv-01603 (PKC)
                                                    :   <u>ECF Case</u>
                  Plaintiff, Counterclaim           :
                  Defendant,                        :   **<u>FIRST AMENDED ANSWER TO</u>**
                                                    :   **<u>SECOND AMENDED</u>**
        - against -                                 :   **<u>COMPLAINT, AFFIRMATIVE</u>**
                                                    :   **<u>DEFENSES, AND</u>**
OXO INTERNATIONAL, LTD.,                             :   **<u>COUNTERCLAIMS</u>**
                                                    :
                  Defendant,                        :   **<u>JURY TRIAL DEMANDED</u>**
                  Counterclaim Plaintiff.           :

-------------------------------------------------------X

In accordance with the Federal Rules of Civil Procedure and the Local Rules of this

Court, Defendant and Counterclaim Plaintiff OXO International, Ltd. ("OXO") answers Plaintiff

and Counterclaim Defendant Quirky Incorporated's ("Quirky") Second Amended Complaint, in

corresponding numbered paragraphs as follows:

    1.    OXO admits that Quirky's Second Amended Complaint alleges

infringement of U.S. Patent Nos. 8,555,459 ("the '459 Patent") and 8,701,243 ("the '243

Patent"). OXO admits that copies of the '459 and '243 Patents are attached as Exhibits A and B

to Quirky's Second Amended Complaint. OXO denies the remaining allegations set forth in

paragraph 1.

## <u>THE PARTIES</u>

    2.    OXO lacks knowledge or information sufficient to form a belief as to the

truth of the allegations set forth in paragraph 2, and therefore denies the same.

    3.    OXO admits that it is a Texas limited partnership located at 1 Helen Of

Troy Plaza, El Paso, TX 79912. OXO denies the remaining allegations set forth in paragraph 3.

## JURISDICTION AND VENUE

4.      OXO admits that Quirky's Second Amended Complaint alleges a cause of action for patent infringement under 35 U.S.C. § 101 et seq.  OXO denies the remaining allegations set forth in paragraph 4.

5.      OXO admits that this Court has subject matter jurisdiction over actions for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).  OXO denies the remaining allegations set forth in paragraph 5.

6.      OXO admits that it is subject to personal jurisdiction in New York.  OXO denies the remaining allegations set forth in paragraph 6.

7.      OXO admits that venue is proper in this District pursuant to 28 U.S.C. §§1391(b), (c) and 1400(b).  OXO denies the remaining allegations set forth in paragraph 7.

## BACKGROUND

**A. In paragraph A, no facts are alleged and therefore no response is required.  To the extent a response is required, OXO denies the allegations set forth in paragraph A.**

8.      OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8, and therefore denies the same.

9.      OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9, and therefore denies the same.

**B. In paragraph B, no facts are alleged and therefore no response is required.  To the extent a response is required, OXO denies the allegations set forth in paragraph B.**

10.      OXO admits that the public record shows that the U.S. Patent and Trademark Office issued U.S. Patent No. 8,555,459, entitled "Waste Receptacle," on October 15, 2013.  OXO denies that the '459 Patent was duly and legally issued.  OXO lacks knowledge or

information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 10, and therefore denies the same.

11.     OXO admits that the public record shows that the U.S. Patent and Trademark Office issued U.S. Patent No. 8,701,243, entitled "Waste Receptacle," on April 22, 2014.  OXO denies that the '243 Patent was duly and legally issued.  OXO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 11, and therefore denies the same.

12.     OXO denies that the '459 and '243 Patents "cover an invention for an improved dustpan with a particularly configured tooth assembly that removes debris from the bristles of a broom."  OXO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 12, and therefore denies the same.

13.     OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13, and therefore denies the same.

14.     OXO admits that the public record shows that a provisional application was filed on April 18, 2011 (Serial No. 61/476,663) and a non-provisional application was filed on September 7, 2011 (Serial No. 13/226,745), which non-provisional application issued as the '243 Patent.  OXO denies the remaining allegations set forth in paragraph 14.

15.     OXO admits that the public record shows that a continuation of Serial No. 13/226,745 was filed on December 10, 2012 (Serial No. 13/709,391), which continuation issued as the '459 Patent.  OXO denies the remaining allegations set forth in paragraph 15.

**C.  OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph C, and therefore denies the same.**

16.     OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16, and therefore denies the same.

**D. OXO denies the allegations set forth in paragraph D.**

17.    OXO lacks knowledge or information sufficient to form a belief as to the truth of the date of release of the Broom Groomer, and therefore denies the allegations set forth in paragraph 17.

18.    OXO denies the allegations set forth in paragraph 18.

19.    OXO admits that its product, OXO Good Grips Large Upright Dustpan (#1336480), was released at a trade show in March 2012 and that a partial image of that product is shown in paragraph 19. OXO denies the remaining allegations set forth in paragraph 19.

**E. In paragraph E, no facts are alleged and therefore no response is required. To the extent a response is required, OXO denies the allegations set forth in paragraph E.**

20.    OXO admits that in early 2013, Quirky placed a banner on the side of Quirky's building and staged a picket line outside of OXO's building in an effort to publicly disparage OXO by falsely alleging that OXO "ripped off" the Broom Groomer. OXO admits that the '459 and '243 patents are invalid in light of prior art. OXO denies the remaining allegations set forth in paragraph 20.

21.    OXO admits that it issued a press release in response to Quirky's actions referenced in responsive paragraph 20. OXO admits that its press release cited U.S. Patent No. 1,315,310 and stated, "Just because a patent application was submitted does not mean the application has been reviewed or approved. It also doesn't mean a patent will be issued." OXO denies the remaining allegations set forth in paragraph 21.

22.    OXO denies that it released its product, OXO Good Grips Large Upright Dustpan (#1336480), after May 9, 2012. OXO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 22, and therefore denies the same.

23.     OXO admits that, on February 13, 2013, one of OXO's outside patent prosecution counsel filed a third-party submission under 37 C.F.R. 1.290  in the application that later issued as the '243 Patent.  OXO lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 23, and therefore denies the same.

24.     OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24, and therefore denies the same.

25.     OXO lacks knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25, and therefore denies the same.

26.     OXO admits that the '459 Patent issued on October 15, 2013.  OXO denies the remaining allegations set forth in paragraph 26.

27.     OXO admits that the '243 Patent issued on April 22, 2014.  OXO denies the remaining allegations set forth in paragraph 27.

## COUNT 1
(Infringement of the '459 Patent)

28.     OXO's responses to paragraphs 1-27 of Quirky's Second Amended Complaint are incorporated by reference as if fully set forth herein.

29.     OXO denies the allegations set forth in paragraph 29.

30.     OXO denies the allegations set forth in paragraph 30.

31.     OXO denies the allegations set forth in paragraph 31.

32.     OXO denies the allegations set forth in paragraph 32.

33.     OXO denies the allegations set forth in paragraph 33.

## COUNT II
(Infringement of the '243 Patent)

34.     OXO's responses to paragraphs 1-33 of Quirky's Second Amended Complaint are incorporated by reference as if fully set forth herein.

35.     OXO denies the allegations set forth in paragraph 35.

36.     OXO denies the allegations set forth in paragraph 36.

37.     OXO denies the allegations set forth in paragraph 37.

38.     OXO denies the allegations set forth in paragraph 38.

## PRAYER FOR RELIEF

OXO denies that Quirky is entitled to any relief, including but not limited to the relief set forth in paragraphs A-H.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

OXO does not infringe and has not infringed any valid claim of the '459 and '243 Patents.

### Second Affirmative Defense

The '459 and '243 Patents are invalid for failure to satisfy the conditions for patentability set forth in Title 35 of the United States Code, including, *inter alia*, §§ 101, 102, 103, and/or 112.

### Third Affirmative Defense

Quirky is estopped, based on statements, representations, and admissions made during prosecution of the patent application resulting in the '459 and '243 Patents and any related applications and proceedings, from asserting an interpretation of the '459 and '243 Patent claims that would cover OXO's products.

### Fourth Affirmative Defense

Quirky is barred by the doctrines of unclean hands, waiver, estoppel, and/or laches from enforcing the '459 and '243 Patents against OXO.

### Fifth Affirmative Defense

OXO's conduct was at all times made in good faith, engaged in without malice, and was privileged and justified.

### Sixth Affirmative Defense

Quirky's Complaint fails to state a claim upon which relief can be granted.

### Seventh Affirmative Defense

Quirky's damages are limited by 35 U.S.C. § 287.

### Eighth Affirmative Defense

The '459 and '243 Patents are unenforceable by reasons of inequitable conduct.

### DEFENSES RESERVED

OXO reserves the right to amend its Answer and plead additional or more specific affirmative defenses as warranted by facts that may become available or otherwise appear during the discovery process.

### COUNTERCLAIMS

Defendant and Counterclaim Plaintiff OXO International, Ltd. ("OXO") counterclaims against Plaintiff and Counterclaim Defendant Quirky Incorporated ("Quirky") as follows:

### THE PARTIES

1.      OXO is a Texas limited partnership located at 1 Helen Of Troy Plaza, El Paso, TX 79912.

2.      Quirky has alleged that it is a Delaware corporation with its principal place of business at 606 West 28th Street, 7th Floor, New York, New York 10001.

## JURISDICTION AND VENUE

3.      OXO's counterclaims arise under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35 of the United States Code.  Based on the allegations set forth in Quirky's complaint, this Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a).

4.      Quirky has submitted itself to the jurisdiction of this Court by filing the above-identified action.

5.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

## BACKGROUND

6.      Quirky filed a complaint in this action on March 10, 2014, a First Amended Complaint on April 22, 2014, and a Second Amended Complaint on May 13, 2014.

## FIRST CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '459 Patent)

7.      OXO repeats and realleges each and every allegation contained in Paragraphs 1 through 6 of its Counterclaims as if fully set forth herein.

8.      OXO does not infringe and has not infringed any claim of the '459 Patent, literally or under the doctrine of equivalents.

9.      In its Second Amended Complaint, Quirky alleges that OXO infringes the '459 Patent.  Because OXO denies that it infringes the '459 Patent, an actual and justiciable controversy has arisen and now exists between OXO and Quirky as to whether OXO infringes the '459 Patent.

10.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OXO requests the declaration of the Court that it does not infringe the '459 Patent.

### SECOND CLAIM FOR RELIEF
#### (Declaratory Judgment of Invalidity of the '459 Patent)

11.     OXO repeats and realleges each and every allegation contained in Paragraphs 1 through 10 of its Counterclaims as if fully set forth herein.

12.     The '459 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

13.     For example, on or about February 25, 2010, named inventor Bill Ward posted two videos on Quirky's website under the file names:  (1) dustpan_demo_final.wmv; and (2) testDraft_2_compressed.mov.

14.     The videos disclose claimed inventions of the '459 Patent.

15.     Quirky filed a provisional application (No. 61/476,663) more than one year later on April 18, 2011.

16.     Quirky did not disclose the videos to the U.S. Patent and Trademark Office during prosecution of the application that issued as the '459 Patent.

17.     The '459 Patent is invalid over the videos.

18.     In its Second Amended Complaint, Quirky alleges that the '459 Patent was duly and legally issued.  OXO denies that the '459 Patent was duly and legally issued, including because the '459 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code.  An actual and justiciable controversy has therefore arisen and now exists between OXO and Quirky as to the validity of the '459 Patent.

19.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OXO requests the declaration of the Court that the '459 Patent is invalid.

## THIRD CLAIM FOR RELIEF
### (Declaratory Judgment of Non-Infringement of the '243 Patent)

20.     OXO repeats and realleges each and every allegation contained in Paragraphs 1 through 19 of its Counterclaims as if fully set forth herein.

21.     OXO does not infringe and has not infringed any claim of the '243 Patent, literally or under the doctrine of equivalents.

22.     In its Second Amended Complaint, Quirky alleges that OXO infringes the '243 Patent. Because OXO denies that it infringes the '243 Patent, an actual and justiciable controversy has arisen and now exists between OXO and Quirky as to whether OXO infringes the '243 Patent.

23.     Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OXO requests the declaration of the Court that it does not infringe the '243 Patent.

## FOURTH CLAIM FOR RELIEF
### (Declaratory Judgment of Invalidity of the '243 Patent)

24.     OXO repeats and realleges each and every allegation contained in Paragraphs 1 through 23 of its Counterclaims as if fully set forth herein.

25.     The '243 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code, including, inter alia, §§ 101, 102, 103, and 112.

26.     For example, on or about February 25, 2010, named inventor Bill Ward posted two videos on Quirky's website under the file names: (1) dustpan_demo_final.wmv; and (2) testDraft_2_compressed.mov.

27.    The videos disclose claimed inventions of the '243 Patent.

28.    Quirky filed a provisional application (No. 61/476,663) more than one year later on April 18, 2011.

29.    Quirky did not disclose the videos to the U.S. Patent and Trademark Office during prosecution of the application that issued as the '243 Patent.

30.    The '243 Patent is invalid over the videos.

31.    In its Second Amended Complaint, Quirky alleges that the '243 Patent was duly and legally issued.  OXO denies that the '243 Patent was duly and legally issued, including because the '243 Patent is invalid because it fails to satisfy the conditions for patentability specified in Title 35 of the United States Code.  An actual and justiciable controversy has therefore arisen and now exists between OXO and Quirky as to the validity of the '243 Patent.

32.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., OXO requests the declaration of the Court that the '243 Patent is invalid.

## PRAYER FOR RELIEF

WHEREFORE, Defendant and Counterclaim Plaintiff OXO International, Ltd. requests that Judgment against Plaintiff and Counterclaim Defendant Quirky Incorporated be entered as follows:

A.    Dismiss all Counts of Quirky's Second Amended Complaint with prejudice and award Quirky nothing by way of its Second Amended Complaint;

B.    Enter a judgment that OXO has not infringed, and does not infringe, either directly or indirectly, any valid claim of the '459 and '243 Patents;

C.      Enter a judgment that any and all asserted claims of the '459 and '243 Patents are invalid;

D.      Grant an injunction enjoining Quirky and any other person or entity claiming rights through Quirky, or in privity with Quirky, and all those in active concert or participation with Quirky, from charging infringement of any claim of the '459 and '243 Patents by OXO or anyone in privity with OXO, including its successors, assigns, agents, customers, and suppliers;

E.      Declare this case to be exceptional under 35 U.S.C. § 285 and enter a judgment awarding OXO its costs and expenses, including reasonable attorney fees, incurred in this action; and

F.      Award OXO such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

OXO respectfully requests a trial by jury pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, of any and all issues triable of right by a jury.


Dated:    Boston, Massachusetts
          July 15, 2014
                                        Respectfully submitted,


                                        *s/ Andrea B. Reed*
                                        Andrea B. Reed (*pro hac vice*)
                                        K&L GATES LLP
                                        State Street Financial Center
                                        One Lincoln Street
                                        Boston, Massachusetts 02111
                                        (617) 261-3100
                                        (617) 261-3175 (fax)
                                        Email: andrea.reed@klgates.com

                                        Eric A. Prager (EP 0964)
                                        K&L GATES LLP
                                        599 Lexington Avenue
                                        New York, New York 10022

(212) 536-3900
(212) 536-3901 (fax)
Email:  eric.prager@klgates.com

Roderick B. Williams (*pro hac vice*)
K&L GATES LLP
2801 Via Fortuna, Ste. 350
Austin, Texas 78746
(512) 482-6800
(512) 482-6859 (fax)
Email:  rick.williams@klgates.com

*Attorneys for OXO International, Ltd.*